United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUDSON INSURANCE COMPANY, ET AL., *Plaintiffs*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-2504 |
| PROTECTIVE INSURANCE COMPANY, *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Protective Insurance Company's ("Protective") Renewed Motion to Dismiss.[1] ECF 24. Defendant seeks dismissal of Plaintiffs' claims for lack of subject matter jurisdiction. *Id.* For the reasons discussed below, the Court RECOMMENDS that Defendant's Motion be GRANTED and Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE.

### I. Factual and Procedural Background.

Plaintiff Gulf Winds International, Inc. ("Gulf Winds") is a commercial trucking company. ECF 9 ¶ 8. Plaintiff Hudson Insurance Company ("Hudson") is one of Gulf Wind's insurers. *Id.* ¶ 11-12. Defendant Protective Insurance Company ("Protective") issued Gulf Winds an excess liability contract. *Id.* In January 2022, a Gulf Winds tractor trailer was involved in an accident that injured non-party Joshua

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

Weimar. *Id.* ¶ 13. Weimar sued Gulf Winds in Texas state court in June 2023 (Weimar lawsuit). *Id.* ¶ 14; ECF 9-1. *See also Weimar v. Gulf Winds Int'l, Inc.*, No. 2023-38909 (113th Dist. Ct., Harris County, Texas, June 23, 2023).

Gulf Winds alleges that at the time of the accident, the Protective Excess Contract provided coverage, with certain exceptions, for its commercial trucking liability, and the Hudson Policy provided coverage for "[a]ny 'auto' used in connection with [Gulf Winds'] business." ECF 9 ¶¶ 9, 28-31. Plaintiffs allege they later reformed the Hudson Policy to limit coverage to passenger vehicles, as opposed to commercial trucks, which excludes coverage for the Weimar lawsuit. *Id.* ¶¶ 32, 38. Plaintiffs claim whether the Hudson Policy provides coverage for and a duty to defend the Weimar lawsuit controls whether the Protective Excess Contract applies to cover potential loss from the Weimar lawsuit. *See, e.g.*, *id.* ¶¶ 43-45.

Plaintiffs' Amended Complaint brings claims against Protective for declaratory judgment and anticipatory breach of contract. ECF 9 ¶¶ 38, 51-55. Plaintiffs specifically seek declarations that: the Hudson policy as reformed is the applicable policy; as reformed, the Hudson policy neither obligates Hudson to provide indemnity to or defend Gulf Winds for the Weimar lawsuit; Protective is bound by the reformed Hudson Policy; as reformed the Hudson Policy does not constitute other insurance that offsets indemnification under the Protective Excess Contract; the money Gulf Winds has paid and will pay to defend the Weimar lawsuit

applies to the Excess Contract's self retention amount ($350,000); and Protective is obligated to indemnify Gulf Winds for all costs incurred in the Weimar lawsuit after the self retention amount is reached. *Id.* at 17-18.

Defendant Protective filed a Renewed Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). ECF 24. Defendant's Motion challenges only the justiciability of Plaintiff's claims and does not dispute the existence of diversity jurisdiction. *Id.* at 2. Plaintiffs filed a Response (ECF 25), to which Defendant replied. ECF 26. The Motion is ripe for adjudication.

## II. Legal Standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d

380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

**III. Analysis.**

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (cleaned up). The justiciability doctrines of ripeness and standing originate from Article III's case and controversy language. *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012).

"[A] declaratory action must be ripe in order to be justiciable, and is ripe only where an 'actual controversy' exists." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). An actual controversy exists where "'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* (quoting *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000)). "Whether particular facts are sufficiently immediate to establish an actual controversy is answered on a case-by-case basis." *Orix Credit All., Inc.*, 212 F.3d at 896 (citations omitted). The key considerations of ripeness are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Triyar Companies, LLC v. Lexington Ins. Co.*, No. 3:12-CV-294, 2013 WL 3280033, at *2 (S.D. Tex. June 27, 2013) (cleaned up). The "fitness" consideration examines

"whether the issues at stake are purely legal or whether further factual development is necessary to resolve the case," while the "hardship" consideration examines "the difficulty the parties will face if a judicial decision is denied." *Id.*

As to standing, the "irreducible constitutional minimum" requirements are: (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

**A. The Parties do not dispute that Protective owes no duty to defend Gulf Winds.**

Plaintiffs neither allege nor seek a declaration stating that Protective owes a duty to defend the Weimar lawsuit. The copy of the Excess Contract attached to the Amended Complaint states that the duty to "investigate, settle, or defend all claims and . . . conduct the defense and appeal in all actions, suits and proceedings" falls to Gulf Winds. ECF 90-5 at 15. Protective has the right to assume the administration or defense of a claim under certain circumstances, but Plaintiffs do not allege Protective exercised this right. *Id.*

**B. Whether Protective has a duty to indemnify Gulf Winds is not yet ripe.**

Defendant argues that all of Plaintiffs' requests for declaratory relief rely on a determination that Protective has a duty to indemnify Gulf Winds' liability, if any,

resulting from the outcome of the Weimar lawsuit. ECF 24 at 3. Defendant further argues the issue of whether Protective owes a duty of indemnity to Gulf Winds is not ripe and therefore, not justiciable. *Id.* at 3-5. Plaintiffs, on the other hand, argue that policy coverage and a duty to defend present a justiciable controversy before there has been a finding of liability or a settlement in the underlying lawsuit. ECF 25 at 8-9. It is undisputed that any determination of liability in the Weimar lawsuit remains pending and the case has not been settled. ECF 24 at 2; ECF 25 at 3.

Black letter Texas law provides that a dispute regarding an insurer's duty to indemnify its insured is not ripe prior to a determination of the insured's liability in the underlying action. Until a judgment has been rendered against an insured, no justiciable controversy exists regarding the insurer's duty to indemnify the insured. *Firemen's Insurance Co. v. Burch,* 442 S.W.2d 331 (Tex.1968). "Thus, a declaratory judgment to determine whether the insurer had a duty [to indemnify the insured is] premature [before a judgment has been rendered against an insured]." *Farmers Texas Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 83 (Tex. 1997); *see also McGinnis v. Union Pac. R. Co.*, No. CIV.A. 3:07-CV-32, 2009 WL 2900277, at *3 (S.D. Tex. Sept. 8, 2009) (stating that under Texas law,[2] the "'duty to indemnify only arises after an insured has been adjudicated, whether by judgment or

---

[2] In diversity cases, state law that defines the parties' substantive rights plays a role in determining whether a case or controversy exists. *Cincinnati Specialty Underwriters Ins. Co. v. US Polyco, Inc.*, No. 3:19-CV-00421-X, 2020 WL 2114820, at *2 (N.D. Tex. May 4, 2020).

settlement, to be legally responsible for damages in a lawsuit.'" (quoting *Collier v. Allstate County Mut. Ins. Co.,* 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001) (no writ)). Gulf Winds' liability has not been determined in the Weimar suit, so any controversy over Protective's duty to indemnify Gulf Winds is not yet ripe.

Texas law provides one exception to the general bar on duty-to-indemnify controversies being decided prior to the underlying suit: "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Griffin*, 955 S.W.2d at 84 (emphasis in original). *See also Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536–37 (5th Cir. 2004) (explaining the application of *Griffin*). The *Griffin* exception applies only when the Court can decide the rights of the parties without the rendering of liability or factual determinations in the underlying action. *Griffin*, 955 S.W.2d at 84. *See Century Sur. Co. v. RTI Servs., LLC*, No. MO:24-CV-00074-DC-RCG, 2025 WL 750558, at *4 (W.D. Tex. Jan. 13, 2025) (explaining that *Griffin* applies where "regardless of the result in the underlying suit, the insurer's duty to defend fell completely outside any conceivable realm of possibility under the policy"), *report and recommendation adopted in part,* No. MO:24-CV-00074-DC, 2025 WL 588341 (W.D. Tex. Feb. 24, 2025), *aff'd*, No. 25-50242, 2025 WL 2851874 (5th Cir. Oct. 8, 2025). In *Griffin*, the

insurer sought a declaration that a personal automobile liability policy imposed neither a duty to defend nor a duty to indemnify an underlying personal injury lawsuit brought by a drive-by shooting victim against the insured, the driver in the drive-by shooting. *Griffin*, 955 S.W.2d at 81-82.

The *Griffin* exception does not apply here because no controversy exists regarding Protective's lack of a duty to defend.[3] *See RTI Servs., LLC*, 2025 WL 750558, at *4 (finding claim for declaratory judgment regarding duty to indemnify not ripe where plaintiff failed to contend there was no duty to defend); ECF 9-5 at 15. Even if a controversy existed regarding the duty to defend, the *Griffin* exception still would not apply because different justifications negate the duty to defend—express language in the Excess Contract negates a duty to defend (ECF 9-5 at 15), and the duty to indemnify—the effect of the Hudson Policy reformation potentially negates the duty to indemnify. This is not a case in which the duty to indemnify can be decided absent a liability finding because according to the terms of

[3] Of the other cases Plaintiffs cite in support of finding a *Griffin* exception or actual controversy, all but one involved an insurer suing the insured for a declaration on both its duty to defend *and* indemnify. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271-272 (1941) (holding there is an actual controversy where insurer sought declaration on both its duties because the vehicle involved in the accident was owned by the insured's employee rather than "hired by the insured"); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 318 (5th Cir. 2006) (finding a live controversy where insurer sought declaration on both duties); *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949) (finding an actual controversy where insurer sought declaratory judgment on both duties); *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 704 (Tex. 1996) (involving a duty to defend and indemnify). The one case outside this pattern is easily distinguishable because the insurer in that action sought a declaratory judgment on indemnification *after* the underlying personal injury lawsuit was resolved. *Everest Nat'l Ins. Co. v. Garcia*, No. 4:23-CV-01917, 2024 WL 5274652, at *1 (S.D. Tex. Mar. 5, 2024).

Protective's Excess Contract, the duty to indemnify depends on the total loss from the Weimar suit and the costs incurred by Gulf Winds that qualify to satisfy its self retention obligation. *See* ECF 9 ¶¶ 21-26, 33-36 (explaining the indemnity procedure in the Excess Contract).

**C. Protective, a non-party to the Hudson Policy, is not bound by a decision regarding the reformation of the Hudson Policy.**

Whether the policy between Hudson and Gulf Winds was reformed fails to present a ripe controversy between those Plaintiffs and Protective. Plaintiffs argue a justiciable controversy exists based on Protective's alleged refusal to acknowledge the Hudson Policy reformation and its effect on Hudson's duty to defend the Weimar lawsuit. ECF 25 at 9. Plaintiffs also argue judicial estoppel prevents Protective from arguing that a dispute over a duty to indemnify is not justiciable prior to resolution of the underlying lawsuit. *Id.* at 15-16. However, the Court cannot consider the judicial estoppel argument because Plaintiffs' claims against Protective are not ripe.[4]

[4] Judicial estoppel requires that: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011). But "[j]udicial estoppel, as an equitable remedy, must be consistent with the law." *Id.* Even if Defendant had not raised the issue of ripeness, the Court would be required to do so sua sponte because it implicates subject matter jurisdiction. *See Horton v. City of Smithville*, 117 F. App'x 345, 346–47 (5th Cir. 2004) (explaining ripeness must be raised sua sponte as part of the jurisdictional inquiry). Therefore, the Court cannot consider the estoppel argument.

To the extent the requests for declaratory relief[5] concern Plaintiffs' obligations under the Hudson Policy, Hudson and Gulf Winds agree the reformed Hudson Policy does not provide any coverage for the accident which is the subject of the Weimar lawsuit. *Id.* ¶¶ 16-20, 28-32. Thus, no live controversy exists between Plaintiffs. To the extent Plaintiffs seek to enforce the terms of the reformed Hudson Policy against Defendant, Protective, a non-party to the Hudson Policy, has no standing to bring a claim under the Hudson Policy. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 2000). A controversy between Plaintiffs and Protective regarding the effect of the Hudson Policy reformation can only arise in the context of Protective's duty to indemnify Gulf Winds for liability incurred in the Weimar suit. As explained above, Protective's duty to indemnify Gulf Winds is not ripe until Gulf Winds either settles or incurs liability in the Weimar lawsuit. Therefore, Plaintiffs' claims for declaratory relief[6] addressing whether and to what extent Protective is obligated to indemnify Gulf Winds are not ripe for adjudication.

---

[5] These include requests for a declaration that: the reformed Hudson policy is valid and binding upon Gulf Winds, Hudson, and Protective (ECF 9 ¶¶ 38-39); that Hudson has no duty to defend Gulf Winds under the reformed policy (*id.* ¶¶ 40-42); and that Hudson has no duty to indemnify Gulf Winds in the Weimar lawsuit (*id.* ¶¶ 49-50).

[6] These include requests for a declaration that: the Hudson Policy does not constitute other insurance that would limit Protective's duty to indemnify under the Excess Contract (ECF 9 ¶¶ 43-45); Gulf Winds' expenses paid to defend the Weimar lawsuit apply towards the Excess Contract's self-retention amount, the amount Gulf Winds must spend before a duty to indemnify begins (*id.* ¶¶ 46-47); and Protective has a duty to indemnify Gulf Winds for loss attributable to the Weimar lawsuit (*id.* ¶ 48).

### D. Plaintiffs' anticipatory breach of contract claims are not justiciable.

#### 1. The anticipatory breach of contract claim is not ripe.

Under Texas law, a breach of contract claim based on denial of insurance coverage is not ripe until the insurer actually denies the claim. *Lopez v. State Farm Lloyds*, 780 F. Supp. 3d 663, 675 (W.D. Tex. 2025) (collecting cases). Plaintiffs argue Protective anticipatorily breached the Excess Contract by refusing to recognize the validity of the Hudson Policy reformation and continuing to assert that the Weimar lawsuit is covered by the Hudson Policy, effectively denying that Protective's Excess Contract provides coverage for the Weimar lawsuit. ECF 9 ¶¶ 51-55. However, Plaintiffs have completely failed to allege that Gulf Winds submitted a claim to Protective and that Protective denied the claim or said it would deny the claim. Most importantly, the Excess Contract provides that Gulf Winds may request indemnification only *after* total loss from the Weimar accident has been determined. ECF 9-5 at 13. No factual allegations support a claim that Protective anticipatorily breached the Excess Contract and the language of the contract itself demonstrates that Gulf Winds' anticipatory breach claim is not ripe.

#### 2. Plaintiff Hudson lacks standing to bring an anticipatory breach of contract claim against Defendant.

Under Texas law, parties are presumed to contract only for themselves and not for third party beneficiaries. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069,

1075 (5th Cir.), *opinion supplemented on denial of reh'g,* 303 F.3d 570 (5th Cir. 2002). To overcome this presumption, the parties to the contract must have intended to secure a benefit to a third party and entered into the contract directly for the third party's benefit. *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 401 (5th Cir. 2022). Hudson is not a party to the Excess Contract between Gulf Winds and Protective. There is no indication that Gulf Winds and Protective intended to secure a benefit for Hudson or entered into the Excess Contract with that specific purpose. Therefore, Hudson lacks standing to bring a claim under the Excess Contract and its anticipatory breach claim is not justiciable.

## IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 24) be GRANTED and Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE. The Court further RECOMMENDS that Plaintiffs' Motion for Partial Summary Judgment (ECF 28) be TERMINATED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 23, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge